# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2009

Charles R. Fulbruge III
Clerk

No. 06-31054
Summary Calendar

CHARLES CARLTON WALL

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-1641

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We withdraw our prior unpublished opinion, 2008 WL 5068622 (5th Cir. Dec. 1, 2008) (per curiam), and issue the following substitute opinion.

In October 1997, Charles Carlton Wall, Louisiana prisoner # 240914, was convicted by jury verdict of second-degree murder and sentenced to life imprisonment. We granted Wall a certificate of appealability to appeal the district court's judgment denying his 28 U.S.C. § 2254 application on his claim of racial discrimination against African-Americans in the process for selection

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Tangipahoa Parish grand jury forepersons at the time of his indictment. Wall asserts that he has standing to raise equal protection and due process challenges to the grand jury foreperson selection process and that he has made a prima facie showing of racial discrimination in that process. The Respondent counters that we may not review the merits of Wall's claim because the documents he submitted to support it were not authenticated pursuant to the Federal Rules of Evidence and were therefore inadmissible. We review the district court's findings of fact for clear error and its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001).

The magistrate judge correctly stated that, in order to obtain relief on his discrimination claim, Wall was "required to prove discrimination under the standards set out in the Supreme Court's cases." *Rideau v. Whitley*, 237 F.3d 472, 484-85 (5th Cir. 2000). After implicitly holding that Wall had standing to raise this discrimination claim, the magistrate judge found that Wall had not suffered an "injury in fact" under *Campbell v. Louisiana*, 523 U.S. 392, 397-98 (1998), and had failed to state a constitutional violation, citing to *Guillory v. Cain*, 303 F.3d 647, 653 (5th Cir. 2002). In reaching this conclusion, the magistrate judge noted that Wall had submitted various documents in support of his claim and that Wall's documentation was not certified or verified in any way. After assuming that Wall's documents were authentic and admissible, the magistrate judge found that the statistics were incomplete because the relevant documents failed to indicate the race or gender of the listed grand jury forepersons. The district court denied § 2254 relief on Wall's discrimination claim because, as determined by the magistrate judge, "Wall had made no showing of intentional race or gender discrimination in the selection of his grand jury foreperson under *Guillory*."

In *Campbell*, the Supreme Court concluded that "Campbell, like any other white defendant, has standing to raise an equal protection challenge to

2

discrimination against black persons in the selection of his grand jury." 523 U.S. at 400. In so holding, the Court found that all three preconditions had been satisfied, including that "the defendant suffered an 'injury in fact.'" *Id*. at 397-98. The Court noted that "[r]egardless of his or her skin color, the accused suffers a significant injury in fact when the composition of the grand jury is tainted by racial discrimination." *Id*. at 398. Because Wall had standing to raise his discrimination claim, he met the "injury in fact" requirement under *Campbell*.

In *Guillory*, the State adopted a strategy of (1) conceding that the petitioner had established a prima facie case and (2) bearing the burden of rebutting that prima facie case. 303 F.3d at 649. The relevant issue in *Guillory* was thus whether the State had met its burden of rebutting the presumption of discrimination by showing that objective, race-neutral criteria were used in the selection process. *Id*. at 650. In the instant case, Wall's claim was presumably denied because the magistrate judge and the district court determined that he had failed to establish a prima facie case of discrimination. The district court's and the magistrate judge's reliance on *Guillory* for the proposition that Wall made no showing of intentional discrimination was misplaced; such a showing is not required to establish a prima facie case. *See Rose v. Mitchell*, 443 U.S. 545, 565 (1979) (listing the three elements of a prima facie case).

The magistrate judge considered only the first list of grand jury forepersons and seemingly rejected the second list of grand jury forepersons due to the lack of any indication as to the source of its information, despite the stated assumption of the authenticity and admissibility of Wall's documents. The race and gender information for the listed grand jury forepersons was included only in the second list. Examination of Wall's documents indicates that neither list specifies the source of the included information. Due to the inconsistencies in the magistrate judge's factual findings, which were relied upon by the district court, our review leaves us "with the definite and firm conviction that a mistake

has been committed." *Fairman v. Anderson*, 188 F.3d 635, 640 (5th Cir. 1999) (internal quotation marks and citation omitted).

Based upon the foregoing reasons, the district court's judgment denying Wall's § 2254 application as to his claim of racial discrimination in the grand jury foreperson selection process in Tangipahoa Parish is VACATED, and this case is REMANDED to the district court for further proceedings consistent with this opinion. We express no views as to the admissibility or probative value of Wall's documents, whether Wall has established a prima facie case regarding the instant claim, or the ultimate outcome of the proceedings.